IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-03232-RPM

REBECCA UNTISZ,

      Plaintiff,

v.

CITY OF GREENWOOD VILLAGE,

      Defendant.

_____

ORDER GRANTING SUMMARY JUDGMENT
_____

On December 3, 2010, Rebecca Untisz received a letter from Lieutenant David Fisher, dated December 2, 2010, notifying her that her employment as a police officer for the City of Greenwood Village, Colorado, was terminated because she had exhausted all of her leave time, including FMLA[1] leave and she had not provided a medical release to return to work.  She claims in this civil action that this decision was motivated by a gender bias and that she had endured a hostile work environment in the Greenwood Village Police Department (GVPD).

She began work with GVPD as a police officer in May, 2005, and had no difficulty in her work until February, 2008, when she slipped on ice in the parking lot, sustaining multiple fractures of her left leg and a dislocated left ankle.  She developed symptoms of Complex Regional Pain Syndrome (CRPS) in June, 2008, which spread into her lower back.  She returned to full duty in December, 2008, but had to go on light duty in April, 2009, because her back pain affected her ability to wear her duty belt.

---

[1] Family Medical Leave Act.

Ms. Untisz returned to full duty in March, 2010, with some accommodations. Sergeant Steve Nelson, in a report to Lt. Fisher, said that he observed that Ms. Untisz had difficulty in performing a stress test during a department wide training exercise in March, 2010. On April 1, 2010, Officer Matt Williams reported to Lt. Fisher that Ms. Untisz appeared to be winded when climbing stairs in responding to a medical call at a motel.

Lt. Fisher proposed a fit-for-duty test and a private vendor, Peak Form Fitness, was retained to design the test. Ms. Untisz took the test at Above it All Physical Therapy on April 22, 2010. The civilian evaluators discontinued the test before completion. Ms. Untisz filed a workers' compensation claim the next day for a left leg and ankle sprain sustained during the testing.

To support her claim of gender discrimination, the plaintiff contends that no other officer was required to take a fit-for-duty test; that the testing requirements were not related to the duties of a police officer and that the reports by Sgt. Nelson and Officer Williams to Lt. Fisher were not factually accurate.

These contentions are insufficient to support an inference that gender bias was a motivating factor in the termination decision. To the contrary, the undisputed facts show that: from February 2008, when plaintiff broke her leg, to April 2010, when she took the fit-for-duty test, plaintiff only intermittently worked full duty; plaintiff then worked light duty until August 2010, at which point she took twelve weeks of FMLA leave; when her FMLA leave expired, plaintiff exhausted her City leave; and when plaintiff's City leave ended, following multiple communications with her, in which he warned her that she would not be reinstated if she did not get a medical release, Lt. Fisher sent the termination letter. The GVPD was patient and accommodating to plaintiff throughout her nearly three-year recovery, despite numerous

setbacks, but ultimately decided she was unable to perform her duties as a police officer.

The decision that Ms. Untisz was unable to perform the duties of a police officer was a reasonable one, recognizing the importance to public safety of the work of officers and the demands of service.

The plaintiff sought other employment but failed to show that a position was available.

The plaintiff has failed to proffer any evidence that she sustained any sex discrimination that created an abusive work environment during her career.

Upon the foregoing, it is

ORDERED, that the defendant's motion for summary judgment is granted.

DATED: May 20, 2013.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Disrict Judge